**CIANFLONA, Exr., Plaintiff-Appellee v WASHINGTON BREWERIES, INC., Defendant-Appellant.**

Ohio Appeals, 2nd District, Franklin County.

No. 3444.   Decided May 26, 1942.

John F. Seidel, Columbus, for plaintiff-appellee.
Alfred L. Henney, Columbus, for defendant-appellant.

### OPINION

By GEIGER, P. J.

This case is before this court upon appeal on questions of law from a judgment of the Court of Common Pleas of Franklin County. The action is brought by the executor of Domenico Cerino and seeks to recover commissions alleged to be due from the defendant to the decedent for sales solicited by him while acting as the agent of the defendant.

The petition recites the amount of commissions due each month as shown by the books of the company and it is sought also to recover for certain merchandise delivered.   The plaintiff prays for judgment after the allowance of credits in the sum of $1308.49.

The defendant files an amended answer setting up as a cross-petition that Cerino became an employee of the defendant; that as one of the terms of his employment he agreed to pay personally for all beer delivered on his order to his customers.   It is alleged that there was delivered upon the order of Cerino to his customers quantities of beer for which there remains unpaid the sum of $2884.96.

The defendant asks that the same be set off against the amounts admitted to be owed to plaintiff and judgment is asked against the executor for the difference.

To this cross-petition an amended answer is filed in which it is alleged that the contract is voidable as in conflict with §8621, GC, and that the plaintiff elects to void said contract under said statute.

Trial was had before the court, a jury being waived, and the court made a special finding of facts in which it is held that the company is indebted to the decedent's executor in the sum of $816.63; that the decedent made certain purchases for himself which were charged against his account and that there were due from the customers to whom Cerino sold beer, to the company at his death certain sums, but that none of said charges were made against the commissions due to the decedent. The court finds that the alleged oral agreement is within the statute of frauds in that it was an agreement to answer for the default of others and not being in writing was void and unenforceable. The court finds that the object of the agreement was not to subserve the purpose of the deceased.

It seems to be conceded that the amount of commissions due to the decedent was correctly stated by the court in the sum of $816.63, and it further appears that the executor has not established the claim for merchandise sold as alleged in the petition. We therefore arrive at the conclusion that the amount found due to the decedent in the sum of $816.63 was correct, and the question remains as to whether or not the defendant may offset against this sum due to the decedent the amount of the unpaid accounts for beer sold by the plaintiff's decedent to customers of his own selection. The decedent was employed by the Brewery primarily to serve Italian customers. Occasionally he would make purchases which he conceded were for his own benefit and which were charged by the company against the commissions due to Cerino. However, it appears that a very large part of his sales was made to customers of the company and charged by the company to them. The agreement to be responsible for any unpaid balances was oral.

In the trial the plaintiff introduced certain exhibits which were copies of the book account of the defendant in which it appeared from the analysis of such account that the amounts due for the beer delivered were charged to these individuals. The bill of exceptions fails to disclose those exhibits, which should have been attached to the bill. We therefore have no other choice than to regard the exhibits, not appearing in the defendant's bill of exceptions, as establishing the claim made by the plaintiff as to their contents.

Section 8621, GC, provides in substance that no action shall be brought whereby to charge the defendant upon a special promise,

to answer for the debt, default, or miscarriage of another person, unless the agreement or some memorandum or note thereof is in writing. The defendant seeks by way of cross-petition to charge the plaintiff with the default of the customers to whom beer was sold. The bill of exceptions, outside of the missing exhibits, clearly discloses that the beer in question was sold to the several customers and not to Cerino, and there being no agreement in writing in reference thereto we find that the judgment of the court below should be affirmed. Judgment accordingly.

BARNES and HORNBECK, JJ., concur.